**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4715**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

CURTIS R. MARTIN, JR.,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Richard D. Bennett, District Judge.
(1:15-cr-00111-RDB-1)

Submitted:  December 30, 2016      Decided:  February 21, 2017

Before DUNCAN, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Francis A. Pommett, III, NATHANSON & POMMETT, P.C., Baltimore,
Maryland, for Appellant.   Rod J. Rosenstein, United States
Attorney, Jefferson M. Gray, Assistant United States Attorney,
Tony K. Cheng, Student Law Clerk, OFFICE OF THE UNITED STATES
ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Curtis R. Martin, Jr., appeals his 96-month prison sentence after pleading guilty to wire fraud in violation of 18 U.S.C. §§ 2(b), 1343 (2012). The district court sentenced him above his advisory Guidelines range of 63 to 78 months. On appeal, Martin questions whether his sentence is reasonable. We affirm.

We review "the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'" United States v. Lymas, 781 F.3d 106, 111 (4th Cir. 2015) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)). We "must first ensure that the district court committed no significant procedural error, such as failing to . . . adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51. If the sentence is procedurally reasonable, we consider its substantive reasonableness, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. If the sentence is outside the Guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id.

2

The district court "must make an <u>individualized</u> assessment based on the facts presented when imposing a sentence, apply[ing] the relevant § 3553(a) factors to the specific circumstances of the case and the defendant, and must state in open court the particular reasons supporting its chosen sentence." <u>Lymas</u>, 781 F.3d at 113 (citation and internal quotation marks omitted). "In imposing a variance sentence, the district court must consider the extent of the deviation and ensure that the justification is significantly compelling to support the degree of the variance." <u>Id.</u> (citation and internal quotation marks omitted). "[A] district court's explanation of its sentence need not be lengthy, but the court must offer <u>some</u> individualized assessment justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553." <u>Id.</u> (citation and internal quotation marks omitted). The "court's stated rationale must be tailored to the particular case at hand and adequate to permit meaningful appellate review." <u>Id.</u> (citation and internal quotation marks omitted).

We have reviewed the record and conclude that Martin's sentence is procedurally and substantively reasonable. First, we conclude that the district court did not procedurally err in its finding as to when his fraud scheme began or in comparing his fraud crime to drug crimes. Moreover, the district court made an individualized assessment based on the facts presented,

3

applied relevant § 3553(a) factors to the specific circumstances of the case and the defendant, and adequately explained the particular reasons supporting its sentence. We therefore give due deference to the district court's reasoned and reasonable decision that the § 3553(a) factors justified the sentence. See United States v. Diosdado-Star, 630 F.3d 359, 357 (4th Cir. 2011) (citation and quotation marks omitted).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4